[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11005
Non-Argument Calendar
_____

Agency No. A070-623-999


ZIYAAD SABAN,
a.k.a. Saban Ziyaad,
a.k.a. Saban Zeyaad,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 15, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Ziyaad Saban, a native and citizen of South Africa, seeks review of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider its prior order affirming the Immigration Judge's ("IJ") denial of his motion to reopen. In February 2005, the IJ ordered Saban removed *in absentia* after he departed the United States while his removal proceedings were still pending. In April 2011, Saban moved to reopen his proceedings, arguing that his Notice to Appear had been improvidently issued because he was not removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), for being convicted of a crime involving moral turpitude within five years of admission. The IJ denied Saban's motion to reopen and, in October 2012, the BIA affirmed the IJ's denial of Saban's motion to reopen on the grounds that it was untimely filed. Saban moved the BIA to reconsider its decision, arguing for the first time that he had serious mental impairments that constituted exceptional circumstances that excused his failure to appear at his removal hearing, and that the IJ should have held a competency hearing. Saban also argued again that he was not removable as charged. In November 2012, the BIA denied Saban's motion to reconsider.

On appeal, Saban argues that the BIA abused its discretion in denying his motion to reopen and motion to reconsider because the IJ violated his due process rights when she failed to determine whether he had the mental competency to

2

understand the proceedings.  Additionally, he asserts that the BIA also abused its discretion in denying his motion to reconsider because he was not removable pursuant to INA § 237(a)(2)(A)(i).  Lastly, Saban argues that he was deprived due process of law under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), because he was not warned of the immigration consequences of his guilty plea.

As an initial matter, we review *de novo* our own subject matter jurisdiction. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).  A petition for review must be filed with the court of appeals no later than 30 days after the BIA's final order of removal.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). When the 30th day is on a weekend or legal holiday, the filing period continues to run until the end of the next day that this not a weekend or legal holiday. Fed.R.App.P. 26(a)(1)(C).  The statutory time limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional and not subject to equitable tolling.  *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  If a petitioner has failed to exhaust his administrative remedies, we lack jurisdiction to consider the claim.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006).  When an appellant fails to offer argument on an issue, that issue is abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle*, 504 F.3d at 1329 (quotation omitted). Consequently, a motion to reconsider that merely reiterates arguments previously presented to the BIA does not specify errors of facts or law as required for a successful motion to reconsider. *Id.* Moreover, a motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied. *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006).

To the extent that Saban is challenging the BIA's October 2012 order affirming the IJ's denial of his motion to reopen, his March 11, 2013 petition for review is untimely. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). Therefore, we lack jurisdiction to review such arguments. *Dakane*, 399 F.3d at 1272 n.3. We also lack jurisdiction to review Saban's *Padilla* argument because he failed to exhaust it before the IJ and the BIA. *See Amaya-Artunduaga,* 463 F.3d at 1251. Accordingly, we dismiss Saban's petition for review as to these issues.

4

On appeal, Saban does not appear to challenge the BIA's determination that he did not set forth an adequate basis for reconsideration because he did not identify any prior arguments that were overlooked or identify any errors of law or fact. Instead, Saban appears to be reasserting his arguments that the IJ should have held a competency hearing and he was not removable as charged, which he raised in his motion to reconsider. Because he has not challenged the BIA's determination that he did not identify any prior arguments that were overlooked or identify any errors of law or fact in the BIA's original opinion, he arguably abandoned any such challenge to the BIA's denial of his motion to reconsider. *Sepulveda*, 401 F.3d at 1228 n.2.

Regardless of any potential abandonment, the BIA did not abuse its discretion in denying Saban's motion to reconsider. Instead of pointing to any errors in the BIA's earlier opinion, Saban argued for the first time that his mental capacity constituted extraordinary circumstances that caused his failure to attend his hearing. He also reiterated the argument that he made in his motion to reopen to the IJ and in his appeal to the BIA that he was not removable as charged based on *Matter of Alyazji*, 25 I. & N. Dec. 397 (BIA 2011). Because Saban's motion to reconsider reiterated old arguments and raised a new one that he could have made in earlier proceedings, the BIA did not abuse its discretion in denying his motion to reconsider. *See Calle*, 504 F.3d at 1329; *Matter of O-S-G-*, 24 I. & N. Dec. at 58.

5

Accordingly, we deny Saban's petition to the extent that he is challenging the denial of his motion to reconsider.

**PETITION DISMISSED IN PART, DENIED IN PART.**